**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

**(1) STEPHEN C. DOWNING, individually and as beneficiary of various trusts;**
**(2) WILLIAM E. DOWNING, individually and as beneficiary of various trusts; and**
**(3) JACQUELINE J. DOWNING, deceased, by and through her trustee as beneficiary of various trusts, KURT J. DOWNING, Trustee,**

**Plaintiffs,**

**v.**

**(1) RICHARD NOEL FREDETTE, an individual;**
**(2) IMS SECURITIES, INC., a corporation; and**
**(3) CALTON ASSOCIATES,**

**Defendants.**

**CASE NO.** CIV-19-652-G

## COMPLAINT

Plaintiffs, Stephen C. Downing, William E. Downing, and Jacqueline J. Downing, deceased, by and through her Trustee, Kurt J. Downing, by and through their counsel, Stephan M. Mathis and James P. McCann, of Aston, Mathis, Campbell, Clarke & Tiger, PLLC, for their Causes of Action against the Defendants, allege and state as follows:

## PARTIES, JURISDICTION AND ALLEGATIONS

1. Stephen C. Downing ("Stephen Downing") is an individual who resides in Medford, Oklahoma, located within Grant County, Oklahoma, one of the counties within the jurisdiction of the United States District Court the Western District of Oklahoma. Stephen Downing was one of multiple beneficiaries of the E.B. and Bertha Downing Trust, the E.B. Downing Trust and the Bertha M. Downing Trust, collectively referred to hereinafter as "the Downing Trusts," which Trusts were previously under the control of Kevin P. Downing ("Kevin Downing"), Trustee, at all times relevant to the allegations in this Complaint.

2. William E. Downing ("William Downing") is an individual who resides in Medford, Oklahoma, located within Grant County, Oklahoma, one of the counties within the jurisdiction of the United States District Court the Western District of Oklahoma. William Downing was one of multiple beneficiaries of the Downing Trusts, which Trusts were previously under the control of Kevin Downing, Trustee, at all times relevant to the allegations in this Complaint.

3. Jacqueline E. Downing ("Jacqueline Downing"), deceased, was an individual who resided in Medford, Oklahoma, located within Grant County, Oklahoma, one of the counties within the jurisdiction of the United States District Court the Western District of Oklahoma. Jacqueline Downing was one of multiple beneficiaries of the Downing Trusts, which Trusts were previously under the control of Kevin Downing, Trustee, at all times relevant to the allegations in this Complaint. Ms. Downing's interests herein are brought and maintained by Kurt J. Downing ("Kurt Downing"), as the Trustee

of her interests under the Trusts.

4. Richard Noel Fredette ("Fredette") was an independent financial advisor and securities broker who, at all times relevant hereto, provided investment advice and brokerage services to Kevin Downing, a sibling of the three Plaintiffs in this matter, as Trustee of the Downing Trusts, in connection with the investments of the Downing Trusts. Fredette is a resident of Harris County, in the State of Texas, where he regularly provided said investment and financial advisory services while, at various times, meeting with Kevin Downing in Oklahoma, in the Western District thereof, as well as regularly communicating with Kevin Downing by mail, telephone, and other forms of communication, all of which communications were directed into the Western District of Oklahoma either personally, or through the auspices of the other two company Defendants referenced above.

5. IMS Securities, Inc, ("IMS Securities") was, at all times relevant hereto, an investment advisory firm owned or directed by Fredette, in the business of providing investment and financial services, which was organized and doing business in the State of Texas at all times relevant hereto, and, like Fredette, regularly communicated into Oklahoma regarding said services.

6. Calton Associates, Inc. ("Calton Associates") was, at all times relevant hereto, an investment advisory firm owned or directed by Fredette in the business of providing investment and financial services, which was organized and doing business in the State of Texas at all times relevant hereto, and, like Fredette, regularly communicated into Oklahoma regarding said services.

7. The primary allegations of this Petition concern violations of the Securities and Exchange Act of 1934, 15 U.S.C. §§78a *et seq*., involving issues of the unsuitability of the investments made by the Defendants for the benefit of the Plaintiffs, as beneficiaries, and for the failure to diversify said investments made by the Defendants for the benefit of the Plaintiffs. Therefore, jurisdiction in this Court is proper pursuant to the provisions of 28 U.S.C. § 1331, as the cause of action arises under the laws of the United States.

8. In addition to the foregoing jurisdictional bases, to the extent that any causes of action implicate state common law or fraud issues, this is an action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states, thereby making jurisdiction also proper pursuant to the provisions of 28 U.S.C. § 1332(a).

9. Venue of the United States District Court for the Western District of Oklahoma in this action is appropriate pursuant to the provisions of 28 U.S.C. § 1391(b).

## **STATEMENT OF FACTS**

10. Plaintiffs are each beneficiaries of the E.B. Downing Revocable Trust ("E.B. Trust") and the Bertha M. Downing Revocable Trust ("Bertha Trust"), both originally executed on November 1, 2002. The E.B. and Bertha Trust were created as a means of distributing assets to the children of E.B. and Bertha Downing, which children are the Plaintiffs and their fourth sibling Kevin Downing.

11. Plaintiffs are also beneficiaries of the Downing Family Trust ("Family Trust") created within the E.B. Trust and Bertha Trust. The E.B. Trust, Bertha Trust, and Family Trust are referred to collectively to herein as "the Downing Trusts". Each of the

Downing Trusts is created under and covered by Oklahoma Law and subject to this Court's jurisdiction.

12. Kevin Downing, at all times relevant hereto, had become the sole Trustee of the Downing Trusts following the death of E.B. Downing on June 25, 2010. In his capacity as Trustee of the Downing Trusts, Kevin Downing worked with financial advisors and brokerage firms to invest the available funds in the Downing Trusts. Sometime in early 2015, Kevin Downing employed the services of financial advisor Fredette and, at various times thereafter, his companies, IMS Securities and Colton Associates, for the purposes of assisting Trustee Kevin Downing in investing the funds of the Downing Trusts.

13. Unknown at the time by the Plaintiffs, Fredette and his companies persuaded Trustee Kevin Downing to change what had previously been a diversified portfolio of many different securities into a portfolio of a single type of security, generally known as mortgage backed securities, in the form of multiple collateralized mortgage obligations, all of which had maturity dates decades in the future, thus making the investments unsuitable for the income needs of the beneficiaries of the Downing Trusts. Additionally, such investments have, generally, a level of volatility that was likewise incompatible with the beneficiaries' objectives.

14. The Investment Accounts for the benefit of the Downing Trusts managed by the Defendants also engaged in margin trading which was also unsuitable and inconsistent with the needs of the Trusts and the beneficiaries. All of these changes to the Investment Accounts of the Trusts, which were recommended by the Defendants and which the Defendants put into place, were unknown to these Plaintiffs until early 2018, following the

conclusion of a Fall, 2017 mediation which resulted in a Settlement Agreement being approved by the Court in the District Court of Grant County in December, 2017, arising from a suit filed in Grant County to replace Trustee Kevin Downing for activities making him unsuitable to be Trustee, which activities were not related to the causes raised herein. However, over a period of some months, Kevin Downing failed to provide to the Plaintiffs documentation with respect to the then current nature of the accounts, and said Trusts lost significant sums of money, all to the benefit of the Defendants in this matter, to such an extent that, by the time the original Downing Trusts were split into four separate Trusts, one for each of the siblings, including Kevin Downing, in a roughly equal amount, each of these Plaintiffs had suffered damages believed to exceed 1.5 million dollars because of the unsuitable investments made, coupled with the failure to diversify the portfolio of the Downing Trusts during the period of time that these Defendants managed the Downing Trusts.

15. The actions of the Defendants herein described above, are in contravention of the requirements of The Securities and Exchange Act of 1934, 15 U.S.C. §§78a *et seq*. ("Exchange Act"), contrary to the custom and standards of the financial advisory and securities industry as promulgated by the Financial Industry Regulatory Authority ("FINRA") and the decisions made by the Trustee of the Downing Trusts, Kevin Downing, were made as a result of fraudulent or improper representations by the Defendants which they knew, or reasonably should have known, were designed to induce the Trustee to make investments in a single class of security which was unsuitable for all beneficiaries of The Trusts and were improper, according to industry standards, for a lack of diversification in

the investments. Further, given the nature of the investments, there was no valid reason to invest or participate in margin trading.

## FIRST CAUSE OF ACTION

### Violation of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 Promulgated Thereunder [17 C.F.R. §240.10b-5]

16. Paragraphs 1 - 15 are realleged and incorporated by reference as if set forth fully herein.

17. As a result of the activities described in Paragraphs 1 through 15, above, Defendants, in connection with the purchase or sale of securities, by the use of the means and instrumentalities of interstate commerce, the mails, or the facilities of a national securities exchange, directly or indirectly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices or courses of business which operated as a fraud or deceit upon purchasers and sellers of securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5, promulgated thereunder.

18. Defendants knew, or were reckless in not knowing, of the conduct described in the allegations.

19. Kevin Downing and Plaintiffs justifiably relied upon the fraudulent investment advice provided by Defendants in making decisions regarding the Downing Trusts, the Investment Accounts, and the Margin Accounts.

20. As a result of Defendants violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Plaintiffs suffered damages in an amount to be determined at trial, but not less than one million dollars.

## SECOND CAUSE OF ACTION

**Control Person Liability, Violation of Section 20(a) of the Exchange Act [15 U.S.C. §78t(a)]**

21. Paragraphs 1 - 20 are realleged and incorporated by reference as if set forth fully herein.

22. IMS Securities and Calton Associates acted as controlling persons within the meaning of Section 20(a) of the Exchange Act, as alleged herein.

23. IMS Securities and Calton Associates had the power to control, and did control, the investments made by Fredette, and his failure to select suitable securities consistent with the Plaintiffs' investment goals, and his misrepresentations regarding Plaintiffs' investments, which resulted in primary liability.

24. IMS Securities and Calton Associates knew, or were reckless in not knowing, that the investments were unsuitable for the needs of the Plaintiffs, as alleged herein.

25. As a result of the wrongful conduct alleged herein, Plaintiffs suffered damages in connection with Fredette's unsuitable investments and fraudulent misrepresentations concerning those investments, for which IMS Securities and Calton Associates are liable, in an amount to be determined at trial, but not less than one million dollars.

## THIRD CAUSE OF ACTION

### Improper Investment Advice Contrary to Industry Custom and Practice

26. Paragraphs 1 - 25 are realleged and incorporated by reference as if set forth fully herein.

27. Defendants owed a duty to Kevin Downing and Plaintiffs to provide investment advice in accordance with the custom and standards of the financial advisory and securities industry as promulgated by the FINRA.

28. Kevin Downing, the Trustee of the Downing Trusts, and Plaintiffs justifiably relied upon the investment advice provided by Defendants in making decisions regarding the Downing Trusts, the Investment Accounts, and the Margin Accounts.

29. Defendants breached their legal and equitable duties and degree of care owed to Kevin Downing and Plaintiffs.

30. Defendants actions fell below the acceptable standard of care owed to Kevin Downing and Plaintiffs.

31. As a result of the actions and/or inactions of the Defendants, Plaintiffs sustained damages in an amount to be determined at trial, but not less than one million dollars.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty

32. Paragraphs 1 - 31 are realleged and incorporated by reference as if set forth fully herein.

33. Defendants assumed the role of fiduciaries with regard to the investment advice provided to Kevin Downing and Plaintiffs, with affirmative duties to disclose all material facts, including all material information concerning investment risks, and to provide investment advice in a manner that comported with the needs and objectives of Kevin Downing and Plaintiffs.

34. Defendants breached their fiduciary duties to Kevin Downing and Plaintiffs to act in their best interests and to avoid self-dealing.

35. Defendants breached ongoing fiduciary duties to Kevin Downing and Plaintiffs to provide investment advice in a manner that comported with the needs and objectives of Kevin Downing and Plaintiffs.

36. As a result of the actions and/or inactions of the Defendants, Plaintiffs sustained damages in an amount to be determined at trial, but not less than one million dollars.

## FIFTH CAUSE OF ACTION

### Fraud

37. Paragraphs 1 - 36 are realleged and incorporated by reference as if set forth fully herein.

38. Upon information and belief, Defendants made material representations that the securities recommended or purchased on behalf of the Downing Trusts were safe and stable securities, suitable for the investment goals of Plaintiffs.

39. The representations regarding the suitability of the securities recommended or purchased on behalf of the Downing Trusts were false.

40. Defendants had knowledge of the falsity of their representations, or acted recklessly, without knowledge of the truth of their representations, at the time the representations were made.

41. Defendants made their false representations with the intention that they be acted upon by Kevin Downing, the Trustee of the Downing Trusts, and Plaintiffs.

42. Defendants had a duty to disclose to Kevin Downing and Plaintiffs, all known material facts regarding any securities Defendants recommended or purchased on behalf of the Downing Trusts.

43. Upon information and belief, Defendants failed to disclose to Kevin Downing and Plaintiffs that the securities recommended or purchased on behalf of the Downing Trusts were unsuitable. Defendants further failed to disclose to Kevin Downing and Plaintiffs that the securities recommended or purchased for the Downing Trusts were not reasonably diversified.

44. Defendants, through their failure to disclose all material facts regarding the securities recommended or purchased on behalf of the Downing Trusts, intended to create a false impression of the actual facts in the mind of Kevin Downing and Plaintiffs.

45. Defendants created a false impression of the actual facts regarding the securities recommended or purchased on behalf of the Downing Trusts with the intention that it be acted upon by Kevin Downing and Plaintiffs.

46. Kevin Downing and Plaintiffs justifiably relied upon the investment advice provided by Defendants in making decisions regarding the Downing Trusts, the Investment Accounts, and the Margin Accounts.

47. As a result of the actions and/or inactions of the Defendants, Plaintiffs sustained damages in an amount to be determined at trial, but not less than one million dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

(1) For Plaintiffs' first cause of action, for violation of Section 10 (b) of the Exchange Act [15 U.S.C. §78(j)(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. 240.10b-5], enter judgment in favor of Plaintiffs and against Defendants for damages in an amount to be determined at trial, but not less than one million dollars, plus pre and post judgment interest, plus the costs of this action, including a reasonable attorney's fee and for such other relief as the Court deems just and proper;

(2) For Plaintiffs' second cause of action, for control person liability, violation of Section 10 (A) of the Exchange Act [15 U.S.C. §78t(a)], enter judgment in favor of the Plaintiffs and against Defendants for damages in an amount to be determined at trial, but not less than one million dollars, plus pre and post judgment interest, plus the costs of this action, including a reasonable attorney's fee and for such other relief as the Court deems just and proper;

(3) For Plaintiffs' third cause of action, for improper investment advice contrary to industry custom and practice, enter judgment in favor of the Plaintiffs and against Defendants for damages in an amount to be determined at trial, but not less than one

million dollars, plus pre and post judgment interest, plus the costs of this action, including a reasonable attorney's fee and for such other relief as the Court deems just and proper ;

(4) For Plaintiffs' fourth cause of action, for breach of fiduciary duty, enter judgment in favor of the Plaintiffs and against Defendants for damages in an amount to be determined at trial, but not less than one million dollars, plus pre and post judgment interest, plus the costs of this action, including a reasonable attorney's fee and for such other relief as the Court deems just and proper;

(5) For Plaintiffs' fifth cause of action, for fraud, enter judgment in favor of the Plaintiffs and against Defendants for damages in an amount to be determined at trial, but not less than one million dollars, plus pre and post judgment interest, plus the costs of this action, including a reasonable attorney's fee and for such other relief as the Court deems just and proper.

Respectfully submitted,

ASTON, MATHIS, CAMPBELL,
CLARKE & TIGER, PLLC

By: s/James P. McCann
Stephan S. Mathis, OBA #19169
James P. McCann, OBA #5865
Roger Gassett, OBA #22569
2642 E. 21st St., Suite 250
Tulsa, Oklahoma 74114
(918) 949-9966 - *telephone*
(918) 949-9968 - *facsimile*
***Attorneys for Plaintiffs***