IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN C. DOWNING, individually and as beneficiary of various trusts; WILLIAM E. DOWNING, deceased, by and through his trustee as beneficiary of various trusts, KURT J. DOWNING, Trustee; and JACQUELINE J. DOWNING, deceased, by and through her trustee as beneficiary of various trusts, KURT J. DOWNING, Trustee,<br><br>        Plaintiffs,<br><br>v.<br><br>PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD NOEL FREDETTE, deceased; and CALTON AND ASSOCIATES, INC.,<br><br>        Defendants. | Case No. CIV-19-00652-JD |

### ORDER

On March 23, 2023, the Court issued an Order [Doc. No. 89] requiring Defendant Calton & Associates, Inc. ("Calton") to show cause by April 6, 2023, why service of its crossclaim [Doc. No. 74] has not been effected on Defendant Personal Representative of the Estate of Richard Noel Fredette.

Calton has not filed proof of service of its crossclaim on the Personal Representative of the Estate of Richard Noel Fredette.[1] Calton also failed to timely file

---

[1] On April 7, 2023, Calton filed an affidavit of due diligence executed on April 6, 2023. [Doc. No. 90]. The affidavit indicates that a process server attempted to serve an individual who says he has no relation to Richard Noel Fredette and has never served as an executor or personal representative of the estate. [*Id.* at 1–2]. Calton has not been able

any response to the Order showing cause for its failure to locate and serve Defendant Personal Representative of the Estate of Richard Noel Fredette within the requirements of Federal Rule of Civil Procedure 4(m), and Calton has not sought any extension of time to do so. *See* Fed. R. Civ. P. 7(b)(1) (a request for court order must be made by motion). The Court warned Calton that failure to comply with the Order may lead to dismissal of Calton's crossclaim against Defendant Personal Representative of the Estate of Richard Noel Fredette without prejudice and without further notice from the Court. *See* [Doc. No. 89].

Accordingly, the Court DISMISSES Defendant Calton & Associates, Inc.'s First Amended Cross-Claims [Doc. No. 74] without prejudice for failure to comply with the Court's Order [Doc. No. 89] and the Federal Rules. *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (discussing the inherent power of a court to dismiss actions for lack of prosecution); *Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) (even without a motion, a district court may *sua sponte* dismiss an action "if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court"); *see also* Fed. R. Civ. P. 4(m) and 41(b).[2] Following this Order, the parties shall update the caption in this matter to reflect the remaining parties and claims.

---

to effect service of its crossclaim based on the filings on the docket, and Calton did not timely seek to further extend its deadline to do so.

[2] Before dismissing a case *with prejudice*, "a court should ordinarily consider a number of factors," including whether the party was warned, the amount of interference with the judicial process, and the relative degrees of culpability and prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted). Here, the Court need not analyze any *Ehrenhaus* factors because the dismissal of the crossclaim is

IT IS SO ORDERED this 18th day of April 2023.

[signature]
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

without prejudice. *See Arocho v. United States*, 502 F. App'x 730, 732 (10th Cir. 2012) (unpublished) ("When the dismissal is without prejudice, however, consideration of the *Ehrenhaus* factors is not required.") (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Nasious v. Two Unknown B.I.C.E. Agents, Arapahoe Cnty. Justice*, 492 F.3d 1158, 1162 (10th Cir. 2007)).

3